ADELE ROGOZA, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. WILLIAM MAHONEY, DEFENDANT.

ALEXANDER ZBOROWSKI, PLAINTIFF, v. WILLIAM MAHONEY, DEFENDANT.

Decided February 10, 1927.

**Negligence—Death Resulting From Motor Vehicle Collision— Plaintiff's Intestate was Repairing Car on Side of Road When Car was Hit by Defendant's Car—Defendant Claimed His Car Had Been Side-swiped by Another Car Also Going in Same Direction, Forcing Him Into Collision—Held, That There Were Ample Facts to go to Jury—Rule Discharged.**

On rule to show cause, Middlesex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Martin P. O'Connor*.

*Contra, Jerome Alper*.

PER CURIAM.

These two cases, the result of an automobile collision, were tried together at the Middlesex Circuit. Adele Rogoza, as administratrix *ad prosequendum* of her deceased husband, recovered a verdict of $8,000 for his death. Alexander Zborowski, the other plaintiff, received a verdict of $500 for personal injuries and property damage. The case presented an acute conflict of testimony.

A party of eight young men were returning upon a Sunday afternoon by automobile, in a long line of traffic, from a fishing trip at Barnegat bay. While driving on Burnett street, a highway leading to New Brunswick, the car was stopped on the right side of the road because of tire trouble. At this

place the road consisted of macadam for a width of eighteen feet, on either side of which was a dirt shoulder. The testimony was conflicting as to whether or not the car was entirely on the dirt shoulder and off the improved portion of the road while repairs were being made to the tire. While the plaintiff's car was thus situated, the defendant's car, also proceeding towards New Brunswick, collided with the left rear part of plaintiff's car, pushing it ahead ten or twelve feet and overturning it, and striking the deceased in the impact, from which injuries he subsequently died in the hospital.

The defendant's case was that his five-passenger Ford touring car had been purchased a month previous to the accident; that experience as a driver consisted of instructions during eleven days prior to obtaining a license, which was granted ten days before the accident; that in his car were six members of his family, he and his wife and her thirteen-year-old brother occupying the front seat; that he was proceeding on the right side of the road at a speed of fifteen miles an hour; that he saw the plaintiff's car when over a hundred feet away with its left rear part protruding over about four feet on the macadam; that when within forty or fifty feet of it he swerved to the left of the road in order to give the plaintiff's car a wide birth; that in so turning he sounded no signal; that by so proceeding he would have had a four-foot clearance; that when about four feet of plaintiff's car he was sideswiped and pushed into plaintiff's car by a third automobile also going in the direction of New Brunswick.

The reasons for the rule, argued by the defendant, are that the plaintiff failed to establish his case by a preponderance of evidence, and that the verdict is contrary to the weight of the evidence.

Our examination of the testimony leads us to conclude that the diversity of fact presented a jury question. The evidence was ample to justify the jury in finding that the proximate cause of the accident was the negligence of the defendant in swerving beyond the middle of the road without giving a signal to avoid injury to those who were clearly within his view. The weight of the evidence is determinable not alone

NEW JERSEY MISCELLANEOUS REPORTS. 249

Supreme Court—Balsavage v. Penna. R. R. Co.

by the number-of witnesses testifying, but by the credence a jury, in view of all the circumstances, attributes to their testimony.

*Bowell* v. *Public Service Corp.,* 77 *N. J. L.* 231, determines all the legal questions raised adversely to the defendant's claim in a case parallel in its essentials.

The rule will be discharged.